IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RANDOLPH J. AMEN and FRISCO, | ) | Civ. No. 06-00203 ACK/BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AOAO CENTURY CENTER; STATE OF | ) | |
| HAWAII; and DOES 1-XX, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<ins>ORDER DENYING PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER</ins>**

**I.   Background**

On April 17, 2006, a Complaint for Defamation, Intentional or Negligent Infliction of Emotional Distress and Civil Rights Violations ("Complaint") was filed by Randolph J. Amen ("Amen") on behalf of himself and his dog Frisco (collectively "Plaintiffs"), against AOAO Century Center ("Century Center") and the State of Hawaii (collectively "Defendants"). The Complaint alleges that Amen is disabled under the Federal Fair Housing Act, the Americans with Disabilities Act, the Rehabilitation Act, and the Social Security Act. <u>See</u> Complaint at 2. The Complaint alleges that Frisco is a service animal under the Federal Fair Housing Act. <u>Id.</u>

The Complaint alleges claims for (1) defamation, (2) intentional or negligent infliction of emotional distress, and

(3) "civil rights violations." Id. at 1.  In support of the claims against Century Center, the condominium owners association of the building in which Plaintiffs reside, Amen alleges that Century Center has (among other things) defamed and slandered him by claiming that he has violated house rules, attempted to extort money from him or his mother (including by issuing false citations and assessments), denied him due process, harassed and threatened him, and failed to respond to his request for reasonable accommodations for his disability and his service animal.  Id. at 3, 5-6, 11.  In support of the claims against the State of Hawaii, Amen alleges (among other things) that the State of Hawaii defamed and slandered him by claiming that he was practicing law without authorization.  Id. at 3.

On July 17, 2006, Plaintiffs filed a Motion in the Nature of a Protective or Declaratory Order, Injunctive Relief or Mandamus, in Ex Parte for Temporary Restraining Order Relief Under First Amendment Right To Redress of Grievances ("Motion"). In the Motion, Plaintiffs seek relief in the form of a temporary restraining order.  Against Century Center, Plaintiffs request that the temporary restraining order: direct Century Center to stop making false citations against Plaintiffs; direct Century Center to stop threatening to take or taking action against Plaintiffs, including prohibiting any foreclosure action from being instituted; prohibit Century Center from increasing any

arrearage amount; and prohibit Century Center from paying legal fees to its attorneys unless they win an argument in court. See Motion at 5. Against the State of Hawaii, Plaintiffs request that the temporary restraining order: mandate the Office of Disciplinary Council of the State of Hawaii to take action, including closing a trust, so that Plaintiff's license to practice law can be reinstated by the Hawaii Supreme Court; and direct the Office of Disciplinary Council to stop "heaping thousands of pages of further aggravation" on Amen. Id. at 5-6. Against all Defendants, Plaintiffs request that the temporary restraining order: stay any state court actions and/or "state filings or orders designed to crush the suit at bar;" and direct Defendants to stop harassing Plaintiffs or Anne Costa (Amen's mother). Id. at 4-6.

On July 25, 2006, Defendants filed oppositions to the Motion. On July 27, 2006, the Court held a hearing on the request in the Motion for a temporary restraining order.[1]

---

[1] Plaintiffs indicated that the Motion's purpose was for it to be heard prior to the scheduling conference in this case, which was held approximately ten minutes after the Motion was filed. See Motion at 5. Subsequent to the scheduling conference, Amen requested that the Court proceed with the Motion despite the fact that it was not heard prior to the scheduling conference. A hearing on the Motion was scheduled for July 25, 2006, but was continued for two days to allow Defendants adequate time to file any oppositions. See Scheduling Order (July 19, 2006); Revised Scheduling Order (July 21, 2006).
   On July 27, 2006, shortly before the hearing, Plaintiffs filed an Application for an Ongoing Writ of Habeas Corpus and
(continued...)

**II. Standard**

The standard for granting a temporary restraining order is identical to that for a preliminary injunction. Hawaii County Green Party v. Clinton, 980 F. Supp. 1160, 1164 (D. Haw. 1997). To obtain either, a party must demonstrate: 1) probable success on the merits and irreparable injury; or 2) sufficiently serious questions going to the merits to make the case a fair ground for litigation, with the balance of hardships tipping decidedly in favor of the party requesting relief.[2/] Topanga Press, Inc. v. City of Los Angeles, 989 F.2d 1524, 1528 (9th Cir. 1993). These two formulations represent two points on a sliding scale, with the required degree of irreparable harm increasing as the probability of success decreases. Miller v. Cal. Pac. Med. Ctr.,

---

[1/](...continued)
Motion for Extraordinary Continuance of Hearing Set for July 27, 2006. That application appears to seek a writ of habeas corpus against the Honolulu Police Department, who is not a named party to this lawsuit. If Amen wishes to pursue a claim against the Honolulu Police Department, he should file a separate lawsuit. To the extent that the application seeks a continuance of the hearing on the motion for a temporary restraining order, that request is denied because the Court finds that Amen has had adequate time to review the oppositions to the Motion.

[2/] Traditionally, there were four factors to be considered in deciding whether an injunction or restraining order should issue: 1) the likelihood of the plaintiff's success on the merits; 2) the threat of irreparable harm to the plaintiff if the injunction is not imposed; 3) the relative balance of the harm to the plaintiff and the harm to the defendant; and 4) the public interest. Alaska v. Native Vill. of Venitie, 856 F.2d 1384, 1388 (9th Cir. 1988). These factors have been collapsed into the current test. See id.

19 F.3d 449, 456 (9th Cir. 1994).  These formulations are not separate tests, but the extremes of a single continuum.  <u>Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197, 1201 (9th Cir. 1980).

"If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly."  <u>Alaska v. Native Vill. of Venitie</u>, 856 F.2d 1384, 1389 (9th Cir. 1988) (<u>quoting</u> <u>Aguirre v. Chula Vista Sanitary Serv.</u>, 542 F.2d 779 (9th Cir. 1976)).  If the plaintiff shows no chance of success on the merits, the injunction should not issue. Moreover, under any formulation, the moving party must demonstrate a "significant threat of irreparable injury." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).  A plaintiff must do more than merely allege imminent harm sufficient to establish standing; he or she must demonstrate immediate threatened injury as a prerequisite to injunctive relief.  <u>Associated Gen. Contractors of Cal., Inc. v. Coalition For Econ. Equity</u>, 950 F.2d 1401, 1410 (9th Cir. 1991), <u>cert. denied</u>, 503 U.S. 985 (1992).

To the extent a plaintiff seeks something more than preservation of the status quo, the Ninth Circuit has called such relief "mandatory preliminary relief."  Mandatory preliminary relief is disfavored and should not be issued unless the facts

and law clearly favor the moving party.  <u>Stanley v. Univ. of S. Cal.</u>, 13 F.3d 1313, 1320 (9th Cir. 1994); <u>Anderson v. United States</u>, 612 F.2d 1112, 1114 (9th Cir. 1979).

**III. Discussion**

Plaintiffs have not demonstrated that they will suffer any irreparable injury in the absence of a temporary restraining order.  For this reason, the request for a temporary restraining order is denied.[3]

    **A.**    **Scheduling Conference**

To the extent that Plaintiffs argue that they will suffer irreparable harm if the scheduling conference in this case is held, their argument is moot.  The scheduling conference was held on July 17, 2006, approximately ten minutes after Plaintiffs filed the instant Motion.  The Court finds that Plaintiffs did not suffer irreparable harm as a result of the scheduling conference and have not demonstrated that they will suffer any future irreparable harm by enforcement of the scheduling order

---

[3] The Court need not address Plaintiffs' likelihood of success on the merits in this case because it finds that Plaintiffs will not suffer irreparable injury in the absence of a temporary restraining order.  Nonetheless, the Court notes that Plaintiffs may be unlikely to succeed on the merits for a number of reasons.  For example: Frisco, a dog, may not have standing to assert any claims; Plaintiffs may not have standing to assert causes of action for injury to Plaintiffs' mother; the State of Hawaii may be immune from suit in this Court on some or all of Plaintiffs' claims; and it may be appropriate for the Court to abstain from deciding claims that are pending before the State of Hawaii regarding Amen's license to practice law in the State of Hawaii.

issued by Magistrate Judge Kurren.

**B.   Century Center**

If a TRO is not issued against Century Center, Plaintiffs will allegedly be injured because Century Center may issue further citations for Amen's supposed violations of the condo association rules, fine his mother for those citations, and subject his mother to the condo association's administrative procedure for appeal of those citations.  See Motion at Ex. 10 (Century Center Condominium House Rules & By-Laws Violation Citation against Amen for failure to pick up dog's feces); see also Century Center Opposition at 4.[4/]  Plaintiffs have made no showing of how additional citations will cause them irreparable injury as opposed to inconvenience and annoyance.  The Court finds that such alleged harm does not rise to the level of irreparable injury.  See, e.g., Los Angeles Mem'l Coliseum Comm'n, 634 F.2d at 1202 ("Mere injuries, however, substantial, in terms of money, time and energy necessarily expended . . . are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (quoting Sampson v. Murray, 415 U.S. 61, 90

---

[4/]To the extent Plaintiffs request that the Court direct non-parties, such as individual employees of Century Center or Century Center's attorney, to cease taking some action, the Court construes Plaintiffs' request as requesting a temporary restraining order against Defendant Century Center.

(1974); <u>Virginia Petroleum Jobbers Association v. Federal Power Commission</u>, 259 F.2d 921, 925 (D.C. Cir. 1958)).

Moreover, the Court notes that Anne Costa (Amen's mother and the owner of the condominium unit in which Amen resides) is not a plaintiff in this action and therefore the Court will not consider whether she will suffer any harm if a temporary restraining order does not issue in this case. For example, whether Mrs. Costa may be injured in the future by Century Center issuing bills to her for currently outstanding or future association fees is not within the purview of Plaintiffs' lawsuit.[5]

Additional harm that Amen may allegedly suffer is having a civil action brought against him in state court.[6] Century Center has indicated that it does not currently intend to bring any action against Amen (or his mother) since the noticed non-payment of over $4,000 was paid by Amen's mother on July 17,

---

[5] The Complaint alleges also that the fines assessed to Mrs. Costa and other actions occurring in May, June, and September of 2005 "unlawfully put pressure on AMEN to move out and/or dispense with his needed service animal in violation of the federal Fair Housing Act." Complaint at 4. Plaintiffs have made no showing that this "pressure" stemming from the 2005 actions constitutes imminent threatened injury, especially in light of the fact that Mrs. Costa has apparently paid off the balance she owed to Century Center. <u>See</u> <u>Associated Gen. Contractors of Cal., Inc.</u>, 950 F.2d 1401, 1410 (plaintiff must demonstrate immediate threatened injury as a prerequisite to injunctive relief).

[6] Although Plaintiffs request a stay of state court proceedings, Plaintiffs have not provided evidence that any state court action against Amen by Century Center is currently pending.

8

2006.  Thus, there is no imminent threat.  See Associated Gen. Contractors of Cal., Inc., 950 F.2d 1401, 1410 (plaintiff must demonstrate immediate threatened injury as a prerequisite to injunctive relief).  Moreover, even if Century Center was to file a state court action against Amen, the Court finds that the filing of such action would not constitute irreparable injury.  Such an action would be subject to the impartial state judicial process and, at this junction, Plaintiffs have not demonstrated how such a hypothetical lawsuit would cause them irreparable injury.

        To the extent Plaintiffs make vague allegations that they would suffer irreparable harm to their health if a temporary restraining order is not issued against Century Center, Plaintiffs have not provided adequate support to substantiate this claim.  See Motion at 6 (referring to "ill health and death").  The Court finds that the evidence submitted by Plaintiffs does not demonstrate any threat of immediate, irreparable harm to Plaintiffs' health.  See Motion at Ex. 6 (Waikiki Health Center/Prince Kuhio Pharmacy scripts, dated September 30, 2005, signed by what appears to be a physician's assistant, stating that Amen "has [illegible] angina with CAD and hypertension with history of anterior MI in 1999 and recurrence in 2001" and "history of depression with stress syndrome secondary to persecutions in daily life"); see also cf.

9

Callicotte v. Carlucci, 698 F. Supp. 944, 951 (D. D.C. 1988) (threat of irreparable injury demonstrated where treating psychiatrist testified and submitted affidavit indicating that plaintiff suffered from chronic alcoholism and acute, chronic mental depression, and that removal from her job will, in all probability, severely increase her depression and lead her to suicide).

Finally, Plaintiffs have not demonstrated how they will be harmed if Century Center pays legal fees to its attorneys. The Court finds that this alleged harm to Plaintiffs is certainly not irreparable.

### C. State of Hawaii

If a temporary restraining order is not issued against the State of Hawaii, the alleged injury Amen will suffer is to have his petition for reinstatement into the Hawaii Bar continue to go through the normal administrative procedure, as set forth in the Rules of the Supreme Court of the State of Hawaii. See State of Hawaii's Opposition at 4-5. The State claims, but Plaintiffs dispute, that the administrative procedure has been slowed by Amen's failure to provide requested data to the State's investigative agency. Id. at 5.

The Court finds that this alleged harm to Amen does not rise to the level of irreparable injury.[7/]  To the contrary, permitting Amen's petition for reinstatement to continue to go through the applicable state administrative procedures may be to Amen's benefit, because it could result in his reinstatement to the Hawaii Bar.[8/]

## IV.  Conclusion

Plaintiffs have failed to demonstrate that they will suffer any irreparable injury in the absence of a temporary restraining order.  For this reason, Plaintiffs' Motion is denied.

---

[7/] Moreover, the Court notes that any alleged harm to Amen's reputation appears to have happened in the past, and he makes no showing that his reputation will be irreparably harmed in the future if the Court denies his request for a temporary restraining order.

[8/] To the extent Plaintiffs allege that they would suffer irreparable harm to their health if a temporary restraining order is not issued against the State of Hawaii, the Court finds that, for the same reasons discussed herein with respect to Century Center, Plaintiffs have not demonstrated a threat of imminent, irreparable harm to their health.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 31, 2006.



Alan C. Kay
Sr. United States District Judge

Amen v. AOAO Century Center, Civ. No. 06-00203 ACK/BMK, Order Denying Plaintiffs' Request for a Temporary Restraining Order.