IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RANDOLPH J. AMEN and FRISCO, | ) | Civ. No. 06-00203 ACK/BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AOAO CENTURY CENTER; STATE OF | ) | |
| HAWAII; and DOES 1-XX, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR SEVERANCE OF CLAIMS AND DEFENDANTS

### BACKGROUND

Randolph J. Amen ("Amen") on behalf of himself and his dog Frisco (collectively "Plaintiffs"), filed a Complaint for Defamation, Intentional or Negligent Infliction of Emotional Distress and Civil Rights Violations ("Complaint") against AOAO Century Center ("Century Center") and the State of Hawaii (collectively "Defendants") on April 17, 2006.  The Complaint alleges that Amen is disabled under the Federal Fair Housing Act, the Americans with Disabilities Act, the Rehabilitation Act, and the Social Security Act.  See Complaint at 2.  The Complaint alleges that Frisco is a service animal under the Federal Fair Housing Act.  Id.  Century Center filed an answer on May 5, 2006, and the State of Hawaii filed its own answer on May 9, 2006.

According to the title, the Complaint seeks relief based on claims for (1) defamation, (2) intentional or negligent

infliction of emotional distress, and (3) civil rights
violations.  Id. at 1.  In support of the claims against Century
Center, the condominium owners association of the building in
which Plaintiffs reside, Amen alleges that Century Center has
(among other things) defamed and slandered him by claiming that
he has violated house rules and unauthorizedly practiced law,
attempted to extort money from him, denied him due process,
harassed and threatened him, and failed to respond to his request
for reasonable accommodations for his disability and his service
animal.  Id. at 3-6, 11-12.  In support of the claims against the
State of Hawaii, Amen alleges (among other things) that the State
of Hawaii defamed and slandered him by claiming that he was
practicing law without authorization.  Id. at 3.

     On July 17, 2006, Plaintiffs filed a Motion in the
Nature of a Protective or Declaratory Order, Injunctive Relief or
Mandamus, in Ex Parte for Temporary Restraining Order Relief
Under First Amendment Right To Redress of Grievances.  Plaintiffs
sought relief in the form of a temporary restraining order.  On
July 25, 2006, Defendants filed oppositions to Plaintiffs'
motion.  On July 27, 2006, the Court held a hearing on the
request for a temporary restraining order.  Finding that
Plaintiffs failed to demonstrate that they would suffer any
irreparable harm, the Court denied Plaintiffs' request for a
temporary restraining order.  See Order Denying Plaintiffs'

Request for a Temporary Restraining Order at 11 (July 31, 2006).

On August 24, 2006, Defendant Century Center filed a Motion for Severance of Claims and Defendants ("Motion").  Co-Defendant State of Hawaii filed a Joinder to Century Center's Motion on September 27, 2006.  On September 28, 2006, Plaintiffs filed an Opposition to Defendant AOAO Century Center's Motion for Severance of Claims and Defendants ("Opposition").

On October 11, 2006, Plaintiffs issued subpoenas to Carole Richelieu, the Chief Disciplinary Counsel of the Office of Disciplinary Counsel, Alvin Ito, Special Disciplinary Counsel, and Ian Lind, President of Century Center.  The subpoenas commanded these individuals to appear at the October 16, 2006 hearing as witnesses for Plaintiffs.  Defendant State of Hawaii filed a motion to quash the subpoenas of Richelieu and Ito on October 12, 2006, and Century Center filed a motion to quash the subpoena of Lind on October 13, 2006.  Plaintiffs filed an opposition to the motions to quash on October 13, 2006.  The Court granted the motions to quash the subpoenas of all three individuals for good reason on October 13, 2006.

The parties appeared before the Court on October 16, 2006.

## STANDARD

Federal Rule of Civil Procedure 20(a) ("Rule 20(a)") permits joinder of two or more defendants in one action if two

3

requirements are met: (1) the right to relief asserted against each defendant must arise out of the same transaction or occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all the parties must arise in the action.  See Fed. R. Civ. P. 20(a); see also Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (applying Rule 20(a) to uphold severance of plaintiffs); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980) (applying Rule 20(a) to determine that defendant was properly joined).  "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977) (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1966)).

Federal Rule of Civil Procedure 21 ("Rule 21") provides a mechanism for remedying the misjoinder or nonjoinder of parties under Rule 20(a).  See 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1683 at 475 (2001) ("Rule 21 is a mechanism for remedying either the misjoinder or nonjoinder of parties . . . .  The cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a).  Thus,

4

Rule 21 applies when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact.") (footnotes omitted).[1]

Pursuant to Rule 21, if a party is improperly joined, the appropriate remedy is for the court to either drop the party or sever the claim against the party. See Fed. R. Civ. P. 21; 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1684 at 484 (2001); see also, e.g., Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissal without prejudice under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrence, as required by Rule 20(a)); DirecTV, Inc. v. Beecher, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003) (severing claims against certain defendants pursuant to Rule 21 where claims against those defendants did not arise out of the same transaction or occurrence, as required by Rule 20(a)). The court may drop a party at any stage of the action on such terms as are just, on its own initiative or on a motion by

---

[1] Federal Rule of Civil Procedure 21 provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

any party.  Fed. R. Civ. P. 21.  In formulating a remedy for

misjoinder, the court must avoid gratuitous harm to the parties.

Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000).

## DISCUSSION[2/]

In the instant case, Century Center perceives the

claims against it to be based on allegations regarding (1) the

issuance of citations, (2) enforcement of association rules, and

(3) attempts to collect monthly association fees from Amen's

mother.  Motion at 1.  On the other hand, Century Center

understands the claims against the State of Hawaii to arise from

allegations regarding the wrongful suspension of Amen from the

practice of law in Hawaii.  Id. at 2.  Based on these

characterizations of the claims, Century Center argues that

Defendants were improperly joined because Plaintiffs' claims

against them do not "arise[] out of the same transaction,

occurrence, or series of transactions or occurrences."  Fed. R.

Civ. P. 20(a); see also Michaels Building Co., 848 F.2d at 682;

Coughlin, 130 F.3d at 1351.

In response, Plaintiffs concede that much of the

subject matter of their lawsuit does not apply to both

Defendants, but assert that commonality exists in that Defendants

conspired to defame him in an attempt to deprive him of his home

---

[2/] The Court emphasizes that it is not addressing the merits
of Plaintiffs' claims in disposing of this motion to sever.

and his ability to practice law.[3/]  Opposition at 2-3.
Plaintiffs primarily rely on a July 25, 2005 letter from the
president of Century Center, Ian Lind, to Carole R. Richelieu,
Chief Disciplinary Counsel at the Office of Disciplinary Counsel
("ODC").  Complaint, Exhibit R.  In this letter, Lind writes to
alert the ODC of Amen's possible unauthorized practice of law.
Id. at 1.  Lind reports that Amen repeatedly identified himself
as an attorney, threatened legal action, sought attorneys fees,
and at a minimum left the impression that he is a practicing
attorney.  Id. at 1-2.  In conclusion, Lind states that he is
bringing the matter to the attention of the ODC so that it may
"check out the circumstances described and take appropriate
action."  Id. at 2.  He also makes himself and Century Center's
counsel available to provide additional information as necessary.
Id.

        Defendants are misjoined "when the claims asserted by
or against the joined parties do not arise out of the same
transaction or occurrence or do not present some common question
of law or fact."  7 Wright, Miller & Kane, Federal Practice and
Procedure: Civil 3d § 1683 at 475 (2001).  "Under the rules, the
impulse is toward entertaining the broadest possible scope of

---

        [3/] Rule 18(a) permits a party asserting a claim to join as
many claims as he has against the opposing parties.  Fed. R. Civ.
P. 18(a).

action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." Leaque to Save Lake Tahoe, 558 F.2d at 917 (citation omitted).

Cognizant of these principles, the Court finds that the claims against Defendants Century Center and the State of Hawaii do, in part, arise from the same transaction or occurrence. Specifically, Plaintiffs' allegation that Defendants participated in a conspiracy to defame Amen in an effort to deprive him of the right to practice law arise from a common occurrence, the July 25, 2005 letter from Century Center to the ODC, which accuses Amen of the unauthorized practice of law. See Complaint, Exhibit R. Furthermore, Plaintiffs' claims regarding defamation present common questions of both fact and law.

The United States Court of Appeals for the Ninth Circuits has also instructed courts to ensure that joinder comports "with the principles of fundamental fairness." Desert Empire, 623 F.2d at 1375. Some factors to consider are possible prejudice to a party, any delays by the movant, the movant's motive, the closeness of the relationship between the parties, the effect on the court's jurisdiction, and notice to the parties. Id.; see also Disparte v. Corporate Executive Board, 223 F.R.D. 7, 16 (2004) (acknowledging potential prejudice and jury confusion as factors to consider before severing under Rule 21). At this time, the Court finds that none of the iterated

factors weigh heavily against maintaining both Defendants in the same case.[4/] Judicial efficiency is served by maintaining the joinder, all parties have notice of the claims, and the court's jurisdiction is not affected.

Century Center contends that claims against one defendant may be imputed to another defendant at trial, and as a result it may be forced to prepare defenses for claims other than those in which it is involved. Motion at 4. The Court concludes that the risk of such prejudice or confusion is minimal as the events in this case are not of a particularly complex nature. The minimal prejudice does not outweigh the impulse to join parties, which is "strongly encouraged." Leaque to Save Lake Tahoe, 558 F.2d at 917. In sum, after weighing the factors, the Court concludes that maintaining the joinder of Defendants comports with the principles of fundamental fairness.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant AOAO Century Center's Motion for Severance of Claims and Defendants. The Court finds that the claims against Defendants arise, in part, from the same occurrence. Specifically,

---

[4/] However, the Court is inclined to sever Plaintiffs' other claims related to their tenancy in the condominium against Century Center, which do not appear to involve the State; but finds that it would be premature to do so at this time as Plaintiffs assert they need to receive and review an outstanding discovery request in order to assess such severance. The parties are given leave to file a motion to pursue such severance.

Plaintiff alleges that both Defendants participated in a conspiracy to defame him in an attempt to deprive him of the ability to practice law.  In addition, questions of fact and law common to both Defendants will arise in the action.  The Court, of course, is not addressing the merits of the allegations at this time.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, October 16, 2006.



                                          Alan C. Kay
                                          Sr. United States District Judge